```
01
02
03
04
```

05                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
06                              AT SEATTLE

07  DOCINA RENE ESPINO,                    )
                                           )   CASE NO. C12-0967-RSL-MAT
08           Plaintiff,                    )
                                           )
09      v.                                 )
                                           )   REPORT AND RECOMMENDATION
10  MICHAEL ASTRUE,                        )
    Commissioner of Social Security,       )
11                                         )
             Defendant.                    )
12  _____)

13       Plaintiff brought this action to seek judicial review of the denial of her application for

14  Disability Insurance Benefits (DIB) by the Commissioner of the Social Security

15  Administration. The parties now agree that this case should be reversed and remanded

16  pursuant to sentence six of 42 U.S.C. § 405(g) because the recording of the hearing held in this

17  matter on March 15, 2011 cannot be located. (Dkt. 11.) However, as described below, the

18  parties disagree on the imposition of time limits in the search for the missing records. (Dkts.

19  12 & 13.)

20       Plaintiff objects to the Commissioner's request for authorization to search for the

21  missing records for a "reasonable period of time," noting seven years have passed since the

22  filing of her DIB application and that the Appeals Council has already had several months in

REPORT AND RECOMMENDATION
PAGE -1

which to attempt to find the missing records. (Dkt. 12.)  Plaintiff requests that the Commissioner be ordered to file a complete answer with this Court within thirty days of the date of an Order of Remand or, if the Commissioner is unable to do so, that the Appeals Council, within that same thirty-day period, issue an order remanding plaintiff's claim to the Commissioner's Office of Disability Adjudication and Review to allow for the scheduling of a new hearing to be held within 120 days of the date of the Appeals Council's remand order.

The Commissioner objects to the "extraordinarily short deadlines" requested by plaintiff. (Dkt. 13.)  The Commissioner notes plaintiff's failure to set out extraordinary circumstances making her case eligible for critical case processing, such as demonstration of a terminal illness, compassionate allowance, dire need, a suicidal or homicidal claimant, or a military service casualty case.  Hearings, Appeals and Litigation Law Manual (HALLEX) I-2-1-40 (Critical Cases). *See also* HALLEX I-4-3-33 (Court Remands; Special Procedures for Critical Cases).  The Commissioner, nevertheless, agrees to expedite processing of the case on remand.

The Court first observes that the "HALLEX does not have the force and effect of law[.]" *Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000) (". . . HALLEX is strictly an internal guidance tool, providing policy and procedural guidelines to ALJs and other staff members. As such, it does not prescribe substantive rules and therefore does not carry the force and effect of law.").  *See also Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003) (HALLEX does not impose "judicially enforceable duties.")   Therefore, neither the Commissioner, nor the Court is bound to limit a request for expedited review to the circumstances addressed in that manual. Moreover, in addition to the fact that the Commissioner nonetheless agrees to expedite the

REPORT AND RECOMMENDATION
PAGE -2

processing of this case, he neither provides an explanation as to why a greater period of time than that suggested by plaintiff is necessary for further attempts at locating the missing records, nor provides an alternative suggestion on what period of time would be sufficient.

The Court finds plaintiff's request for the imposition of time limits reasonable. However, giving the Commissioner the benefit of the doubt, the Court concludes that a longer initial period for the location of the file would be appropriate. As such, based on the agreement of the parties, the Court recommends this case be REVERSED and REMANDED for further administrative proceedings pursuant to sentence six of § 405(g). On remand, the Commissioner and Appeals Council will expedite the case and have **sixty (60) days** to continue to search for the missing recording and to file an answer in this Court upon location of those records. If the recording cannot be located, the Appeals Council, within that same **sixty-day period**, will remand the case for a *de novo* hearing to be held within **120 days** of the date of the Appeals Council's remand order.

The Court will retain jurisdiction over the action pending further administrative proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98-102 (1991). If the outcome of a *de novo* hearing is unfavorable to plaintiff, defendant will move to reinstate the case so that plaintiff need not file a new complaint in order to obtain judicial review. A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of January, 2013.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3