UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOCINA RENE ESPINO,   )<br>   )<br>     Plaintiff,   )<br>   )<br>   v.   )<br>   )<br> MICHAEL ASTRUE,   )<br> Commissioner of Social Security,   )<br>   )<br>     Defendant.   )<br>_____ ) | CASE NO. C12-0967-RSL-MAT<br><br>REPORT AND RECOMMENDATION |

This Social Security matter was previously remanded pursuant to sentence six of 42 U.S.C. § 405(g) because the recording of the hearing held on March 15, 2011 could not be located. (Dkts. 14 and 15.) The Court further, in the January 23, 2013 Order of Remand, ordered the Commissioner and Appeals Council to expedite the case and imposed various time limits. (Dkt. 15 (allowing sixty days for the continued search for the missing recording and to file an answer in this Court and, if the recording could not be located within that same sixty-day period, requiring remand for a *de novo* hearing to be held within 120 days of the date of the Appeals Council's remand order).)

REPORT AND RECOMMENDATION
PAGE -1

The Commissioner now moves for reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings before an Administrative Law Judge (ALJ), a *de novo* hearing, and a new decision in regard to plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  (Dkt. 18.)   Plaintiff has no objection to the request for the remand, or the language of the proposed remand order, but asks that the Court again include a time limit for compliance with the order.  (Dkt. 19.)   She notes that the Commissioner failed to comply with the time limits set forth in the prior Order, and expresses frustration with the delay in the adjudication of her claim given that she filed her application for DIB over eight years ago, in November of 2005.   Plaintiff, therefore, asks that the Court require, in the new remand order, that a new hearing be held within 120 days of the date that judgment is entered in this matter.

Based on the agreement of the parties, the Court recommends this case be REVERSED and REMANDED for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ will further develop the record by reassessing the findings of Dr. Kelly as treatment records and not as opinion evidence; reevaluating the evidence from the claimant's chiropractors while keeping in mind that he is required to consider all relevant evidence in the case record, even findings from non-acceptable medical sources; and completing the rest of the sequential evaluation process based on the above findings. Also, this case will be assigned to a different ALJ, and the ALJ will hold a *de novo* hearing and issue a new decision.   As requested by plaintiff, the Commissioner shall hold a new hearing for plaintiff within **120 days** of the date that judgment is entered in this matter.   Finally, upon proper application, the Court will consider plaintiff's application for attorneys' fees under the

Equal Access to Justice Act, 24 U.S.C. § 2412, *et seq.*

The Court recommends that Chief United States District Judge Robert S. Lasnik immediately approve this Report and Recommendation and order the case REVERSED and REMANDED for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A proposed order accompanies this Report and Recommendation.

DATED this <u>18th</u> day of February, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3